Mr. Bruce A. Harris Interim Chief Counsel Palm Beach County School Board 3318 Forest Hill Boulevard Suite C-302 West Palm Beach, Florida 33406-5813
Dear Mr. Harris:
You have asked for my opinion on substantially the following question:
Is a school board authorized under the provisions of Chapter 274, Florida Statutes, to donate surplus tangible personal property, such as a school bus, to a municipality within the school district's boundaries?
In sum:
A school district is authorized to donate surplus tangible personal property of no commercial value to a municipality under the terms of section 274.06, Florida Statutes. Further, this statute authorizes the school district to dispose of property with a value of less than $5,000 in the most efficient and cost-effective means determined by the school district.
According to your letter, the School Board of Palm Beach County is considering donating a surplus school bus to a municipality within the district. The board is unsure whether this action is permissible.
Section 235.04, Florida Statutes, regulates the disposal of property by school districts. With regard to the disposal of tangible personal property, section 235.04(2), Florida Statutes, requires that "[t]angible personal property which has been properly classified as surplus by a board shall be disposed of in accordance with the procedure established by chapter 274."
Chapter 274, Florida Statutes, deals generally with tangible personal property owned by local governments. The act provides two alternative procedures for disposing of such property. Section274.05, Florida Statutes, states, in part, that "the governmental unit may offer surplus property to other governmental units in the county or district for sale or donation or may offer the property to private nonprofit agencies . . . by sale or donation." The term "governmental unit" is defined restrictively in section 274.01(1), Florida Statutes, to include only "the governing board, commission or authority of a county or taxing district of the state or the sheriff of the county." Thus, municipalities are not included within the scope of the term "governmental unit" for purposes of Chapter 274, Florida Statutes,[1] and, for this reason, it would not be among those entities to which school board property may be donated under the provisions of section 274.05, Florida Statutes.
Section 274.06, Florida Statutes, however, provides an alternative procedure for dealing with surplus tangible personal property owned by governmental units. The statute states:
"Having consideration for the best interests of the county or district, a governmental unit's property that is obsolete or the continued use of which is uneconomical or inefficient, or which serves no useful function, which property is not otherwise lawfully disposed of, may be disposed of for value to any person, or may be disposed of for value without bids to the state, to any governmental unit, or to any political subdivision as defined in s. 1.01, or if the property is without commercial value it may be donated, destroyed, or abandoned. The determination of property to be disposed of by a governmental unit pursuant to this section instead of pursuant to other provisions of law shall be at the election of such governmental unit in the reasonable exercise of its discretion. Property, the value of which the governmental unit estimates to be under $5,000, may be disposed of in the most efficient and cost-effective means as determined by the governmental unit. . . ."
Thus, under this alternate procedure, a school district may donate property it has determined to be obsolete, or uneconomical or inefficient to maintain, to a "political subdivision as defined in s. 1.01, Florida Statutes." This section provides that "[t]he words `public body, `body politic,' or `political subdivision' include counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts, and all other districts in this state."[2] Thus, for purposes of section 1.01, Florida Statutes, a municipality is a political subdivision. As a political subdivision, a municipality would be among those entities to which tangible personal property may be transferred under the terms of section 274.06, Florida Statutes.
Thus, while a school district is not authorized to donate surplus tangible personal property to a municipality under the terms of section 274.05, Florida Statutes, such a transfer of property does appear to be authorized by section 274.06, Florida Statutes. Accordingly, I am of the opinion that a school district is authorized to donate surplus tangible personal property of no commercial value to a municipality under the terms of section274.06, Florida Statutes. Further, this statute authorizes the school district to dispose of property with a value of less than $5,000 in the most efficient and cost-effective means determined by the school district.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Op. Att'y Gen. Fla. 98-04 (1998) (provisions of s.274.05, Fla. Stat., do not apply to the disposition of surplus municipal property).
[2] Section 1.01(8), Fla. Stat.